Ex parte Juan Rosa, Petitioner and Appellant.

No. 8151.  Argued January 16, 1941.—Decided January 27, 1941.

M. *Velázquez Flores* for appellant. *George A. Malcolm, Attorney General*, and *R. A. Gómez, Prosecuting Attorney*, for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Juan Rosa, the petitioner-appellant herein, filed in the District Court of Humacao a petition for *habeas corpus* in which he alleged that he was imprisoned in the jail of said district by virtue of a bench warrant issued on January 2, 1940, by the Municipal Judge of Humacao in a proceeding for surety of the peace taken against the petitioner upon a complaint filed by José Espinosa Sierra; and that the imprisonment of the prisoner is illegal and void because of the following reasons:

(A) Because the judgment on which said bench warrant is based is so completely erroneous that it is void.

(B) Because said judgment is so indefinite in its terms and is so drawn that it is void.

(C) Because the illegality of said judgment indicates a complete defect in said proceeding for surety of the peace against the petitioner.

(D) That the bench warrant in this case is in itself defective as to the esential requisites provided by law and this produces the nullity of said warrant and further because said warrant in the form issued is not the one authorized by law for these cases.

(E) Because the detention of the petitioner is not justified by a duly certified copy of any judgment which renders the said bench warrant absolutely void.

(F) That at the hearing or trial of the case, the judgment of which forms the basis of said bench warrant, the petitioner had no opportunity to confront the witnesses against him, nor to cross-examine them, nor to challenge them when their statements were taken down in writing, nor had an opportunity to intervene in the examination of the witnesses for the defense when their statements were taken down in writing.

(G) Because the judgment for surety of the peace rendered by the Municipal Court of Humacao, Puerto Rico, was rendered in the absence of the defendant.

(II) Because said judgment was not rendered within the statutory period of twenty-four hours, counted from the holding of the trial, without the defendant having made any waiver of that right.

(I) And because this petitioner further alleges that the person who has him in custody is not the person authorized by law therefor.

After the case had been heard by the district court, it rendered judgment overruling the appeal and directing that the petitioner be committed again to the custody of the warden of the district jail. Feeling aggrieved by that decision, the petitioner took the present appeal, which he based on two assignments of error, to wit:

1. That the lower court erred in holding that the questions raised by the petitioner can not properly be decided in a *habeas corpus* proceeding, but on certiorari or appeal.

2. That it also erred in holding and declaring that the petitioner was lawfully imprisoned.

The questions raised by the appellant in his brief are:

(a) That the petitioner had no opportunity to cross-examine the witnesses who testified against him in a proceeding for surety of the peace in the municipal court.

From the original record of the proceeding taken in the municipal court, the following facts appear:

On October 13, 1939, José Espinosa Sierra, a resident of Las Piedras, filed a complaint against Juan Rosa, and alleged that the latter had uttered some threats against his person by saying in the presence of three witnesses and with reference to the informer: "Wherever I find him I am going to shoot him, I am going to kill him like a dog." The complaint was filed in accordance with section 64 of the Penal Code, for the purpose of having the respondent arrested and furnish security to keep the peace.

Acting in accordance with the provisions of section 65 of the Penal Code, the municipal judge, on October 20, 1939, examined on oath the informer and the witnesses mentioned in the complaint, taking their depositions in writing, and causing the same to be subscribed by the deponents.

On October 21, 1939, the municipal judge issued a warrant of arrest against Juan Rosa and fixed bail in the sum of $200. On the same day the respondent was summoned to appear for the hearing of the case before the municipal court on October 26, 1939, at 8:30 o'clock in the morning. The respondent was arrested on the 23d of the same month and furnished bail. On that same day, the respondent filed a petition praying that the three witnesses who were to testify on his behalf should be subpoenaed and also "that the informer in this case, José Espinosa Sierra, as well as the other witnesses who may have offered evidence against this respondent, be likewise subpoenaed in order that the latter may have an opportunity to examine and cross-examine them and at the same time ascertain on what grounds to rely." The respondent also asked for a public trial and that a stenographer be appointed to take the testimonies. The record fails to show whether the municipal court rendered any decision upon said petition.

On October 26, 1939, Juan Rosa, the respondent, appeared assisted by his counsel before the municipal court and answered the complaint, denying the same. The court then proceeded to examine the witnesses offered by the respondent, taking their depositions in writing and causing them to be subscribed by each deponent; and left the case open for further proceedings.

On December 15, 1939, the municipal judge rendered judgment requiring the respondent to give a bond or undertaking in the sum of $300 which should be furnished within five days from the date of the service of notice of the judgment on the respondent. Notice of the judgment was served on the respondent on December 18, 1939. On January 2, 1940, the arrest of the respondent was ordered for his failure to give the required undertaking.

A proceeding for surety of the peace is not criminal, but civil. The respondent is not charged with the commission of a crime. The proceeding is a measure of

relative justice, tending to avoid as far as possible the commission of acts of violence by one person against another. The respondent has not an absolute right to cross-examine the witnesses who would have testified against him. However, this Supreme Court in *Ex parte Llera,* 11 P.R.R. 409, 410, and in *Peña* v. *Municipal Court,* 42 P.R.R. 781, has held, that the court in which the proceeding for surety of the peace has been instituted should give the respondent an opportunity to cross-examine the witnesses against him "on a timely request to that effect."

It is true that the respondent in his petition of October 23, 1939, requested that the informer and the witnesses produced by the latter be again subpoenaed "in order to have an opportunity to examine and cross-examine them." But it is also true, that the record fails to show whether the respondent, who was at all times represented by counsel, took a further step to have the court consider and decide his petition. From the record it appears that the respondent appeared represented by counsel at the hearing held on October 26, and that the evidence was taken in his presence; but there is no showing that the respondent at the hearing made any request to be permitted to cross-examine the witnesses against him. As the respondent has not been diligent in the assertion of his right, we must hold that the municipal court did not commit the error charged against it in the petition for certiorari.

As the proceeding for surety of the peace is of a civil nature, the municipal court was not bound to render judgment within the period of twenty-four hours after the holding of the hearing. Therefore, the holding in *People* v. *Acosta,* 40 P.R.R. 451, is not applicable to the case at bar.

The lower court did not err in holding that the respondent Juan Rosa was lawfully imprisoned.

The appeal must be overruled and the judgment appealed from affirmed.